OPINION
{¶ 1} Tia P. Bolden, represented by counsel, is appealing from the trial court's conversion of her unsupervised probation to supervised probation, without a hearing.
 {¶ 2} On December 12, 2002, Ms. Bolden pled guilty to one count of driving under suspension in violation of R.C. 4507.02. The court accepted her plea and sentenced her to serve thirty days in jail and pay a fine of $200, but the jail sentence and $150 of the fine were suspended, and she was placed on unsupervised probation for one year. Additionally, she was ordered to pay court costs in addition to the fine. Ms. Bolden had agreed to make the payments in partial payments every two weeks, but she fell behind on this schedule. Subsequently, the court, without a hearing, converted her unsupervised probation to supervised probation and ordered her to pay an additional $50 for probation fees. Two days later, the court's probation department filed a motion to revoke Ms. Bolden's probation. Following a revocation hearing on April 23, 2003, the court found that Ms. Bolden had violated her probation by failing to pay the fine and costs as ordered and then ordered her to report to the probation department in order to "schedule community service work as needed" to satisfy the fine and costs but did not specify the amount of service or inquire if she was willing and able to perform community service work.
 {¶ 3} On appeal, Ms. Bolden, represented by counsel, presents the following three assignments of error:
 {¶ 4} "1. The court violated appellant's right to be free from double jeopardy as provided by the fifth amendment to the united states constitution and section 10, article I of the Ohio Constitution when the court converted appellant's unsupervised probation to supervised probation without a hearing and proof that appellant had violated her unsupervised probation.
 {¶ 5} "2. Assuming arguendo that the court properly held appellant's revocation hearing, the court abused its discretion in finding that ms. bolden had violated her probation by failing to pay her fines and costs.
 {¶ 6} "3. The trial court abused its discretion when, after finding appellant in violation of her probation, converted her fines and costs to community service."
 {¶ 7} The State filed a brief essentially conceding the first assignment of error and admitting that the conversion on probation from unsupervised to supervised, without a hearing, violated her constitutional rights to be free from double jeopardy as well as other due process claims.
 {¶ 8} The State further concedes under the second assignment of error that a court does not have absolute authority to revoke an offender's probation simply because a probationer fails to pay fines and costs. Moreover, the State admits that after reviewing the transcript of the revocation hearing, it would appear that Ms. Bolden would fit the definition of indigence which would have negated revocation at that time.
 {¶ 9} As to the third assignment of error, the State notes that it would be moot if we follow its request that we vacate the order changing Ms. Bolden's probationary status from unsupervised to supervised. The State also states, however, that it sees no need for the court to set a specific number of hours of community service. That should be done by the probation department using the federal minimum wage.
 {¶ 10} We agree with the State that the first assignment of error must be sustained and the order changing Ms. Bolden's probationary status from unsupervised to supervised will be vacated. Upon remand, the court may hold its hearing if the probation department files a request for further proceedings against Ms. Bolden. If the hearing is held after remand, the trial court can consider Ms. Bolden's possible indigence and proceed as required by law.
 {¶ 11} The judgment is reversed, the order changing Ms. Bolden's probationary status from unsupervised to supervised is hereby vacated, and the case is remanded for further proceedings consistent with this opinion.
Wolff, J. and Grady, J., concur.